UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | |
|---|---|
| LESA SHEPHERD, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7: 05-249-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANNE BARNHART, ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, ) | **AND ORDER** |
| ) | |
| Defendant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Lesa Shepherd (Shepherd) and Defendant Jo Anne Barnhart, Commissioner of Social Security (the Commissioner). [Record Nos. 10 and 11] Through this action, Shepherd seeks to reverse the decision of an administrative law judge (ALJ) concluding that she was not entitled to Supplemental Security Income (SSI). However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Shepherd.

**I.  BACKGROUND**

Shepherd filed an initial application for supplemental security income payments with a protected filing date of May 8, 1990. That application was denied on initial consideration and she did not request reconsideration. She filed a second application for SSI on August 10, 1995. That application was denied through a hearing decision by ALJ William C. Vaughn III on September 27, 1996. Shepherd requested no further review of that decision. On December 19,

2001, Shepherd filed a third SSI claim which was denied through a hearing decision by ALJ Peter Davenport on August 30, 2002. Again, she did not request further review of the decision.

Shepherd filed her current application for SSI on March 13, 2003. On September 27, 2004, a hearing was conducted before ALJ John M. Lawrence in Hazard, Kentucky. During that administrative hearing, the ALJ received testimony from Shepherd. Thereafter, on February 22, 2005, ALJ Lawrence issued a decision denying benefits to Shepherd, concluding that she does not have any impairments that significantly limit her ability to perform basic work-related activities. [Transcript (Tr.), pp. 25-28] Shepherd's request for review was denied by the Appeals Council on July 8, 2005. [Tr., pp. 16-18]

At the time of the last administrative hearing, Shepherd was a 34 year-old individual with a seventh grade education. [Tr., p. 26] She has no relevant work history. She alleges disability beginning August 10, 1995, due to problems with her leg, back, lungs, stomach, arthritis and kidneys. After careful review and evaluation of the medical evidence of record and Shepherd's testimony at the hearing, the ALJ found that she was not disabled as defined in the Social Security Act and regulations. [Tr., p. 28]

## II.     LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis. If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. First, a claimant must demonstrate that she is not currently engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 416.920(b). Second, a claimant must show that she suffers from a

severe impairment. 20 C.F.R. § 416.920(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 416.920(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if she can do past work. If she can, she is not disabled. 20 C.F.R. § 416.920(f).

Under the fifth step of this analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education and past work experience to determine if she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 416.920(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal

of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

In determining whether the ALJ's opinion is supported by substantial evidence, courts may not "try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted). It is the job of the ALJ to make credibility findings after listening to testimony, observing the claimant's demeanor, and evaluating the testimony in light of the written evidence. Credibility determinations are particularly within the province of the ALJ. *Gooch v. Sec'y of Health and Human Services*, 833 F.2d 589 (6th Cir. 1987); *Villarreal v. Sec'y of Health and Human Services*, 818 F.2d 461, 464 (6th Cir. 1987).

**III.    DISCUSSION**

Shepherd's sole argument in this action is that the ALJ improperly evaluated her subjective complaints of pain because he did not give full credit to her testimony regarding the degree of pain to which she suffers as a result of her impairments. In this regard, the Court notes that complaints of pain may be sufficient to support a claim of disability. *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, an ALJ should look to the medical evidence to determine if subjective complaints of pain have a basis. Such reference to medical evidence is helpful in making credibility determinations concerning such claims.

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological or psychological abnormalities which could reasonably be expected to produce pain. 42 U.S.C. § 423(d)(5)(A). In addition, the Sixth Circuit has prescribed an analytical framework for evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

In evaluating Shepherd's allegations of disabling pain, the ALJ examined the objective medical evidence. Specifically, he noted that, in August 2002, a prior ALJ determined that the

Claimant did not have an impairment which significantly limited her ability to perform basic work-related activities. After reviewing the prior ALJ's decision, the ALJ found that "with the exception of a fracture to the distal tibia and fibula when [Shepherd] slipped and feel on February 22, 2003, the claimant's alleged impairments were addressed in Judge Davenport's decision." [Tr., p. 26] In discussing the medical evidence since the prior ALJ's hearing decision in August 2002, the ALJ stated that:

> The evidence in this case shows that the claimant slipped and fell on a mat on the floor on February 22, 2003, breaking her left ankle. She had open reduction and internal fixation on February 24, 2003 without complication and was discharged on crutches to follow-up with physical therapy. Subsequent x-ray on April 14, 2003 compared to the study of March 7, 2003, showed healing changes. Radiographs of March 7, 2003 showed hardware in place and appropriate alignment. Follow-up with treating physician Kenneth Slone, M.D., on April 29, 2004 shows complaints of continued pain in the left ankle but examination significant for no increased redness or swelling of the left ankle and no ischemic changes in the left foot. He thought that claimant's gastrointestinal complaints were medication-related and noted she had just completed a Medrol Dosepack from another provider recently. Dr. Slone's lab reports of January 14 and 15, 2004 were all within normal limits. This compares with his treatment note of March 12, 2003 at which time the claimant was using a walker. There is no indication of a walker in his more recent treatment note.

[Tr., p. 26-27]

With respect to evidence related to Shepherd's alleged mental impairments, the ALJ noted that:

> [the] claimant was first seen by a psychologist in conjunction with Judge Vaughan's 1996 decision, producing invalid IQ scores ranging from 68 to 75. In conjunction with this current application, she underwent consultative psychological examination on June 3, 2003 producing IQ scores consistent with low average intellectual functioning. On the Wechsler Adult Intelligence Scale–III, the claimant produced a verbal IQ of 81, performance IQ of 83 and a full scale IQ of 80. Based on this, additional test results, clinical observation and interview, it was concluded that her problems "are physical and not mental,

> specifically residuals from her broken leg." The claimant was assessed with an adjustment disorder not otherwise specified due to injury. She was considered a suitable candidate for vocational rehabilitation.

[Tr, p. 27] After examining this evidence, ALJ Lawrence concluded that there was no evidence of "changed circumstances" and that he was, therefore, bound by the findings of the prior ALJ. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997)

Here, objective medical evidence confirms that Shepherd suffers *some* degree of pain as a result of her impairments. However, in evaluating the Claimant's allegations of disabling pain, the ALJ noted that Shepherd's "daily activities [were] only mildly impacted" by her impairments and that she was able to perform household and outside chores and to care for her own personal needs. [Tr., p. 27] Thus, the ALJ concluded that Shepherd's "statements concerning her condition and the impact on her ability to work are inconsistent with her daily activities and documentary evidence and are not found credible." [Tr., p. 28]

Having examined the decision of ALJ Lawrence, it is apparent that he thoroughly considered the medical evidence of record and determined that the objective medical evidence did not support Shepherd's subjective complaints of pain. In light of the evidence presented to the ALJ, this was an entirely reasonable decision and one the ALJ was entitled to make. *Gooch*, 833 F.2d at 592. In addition, the Court has reviewed the administrative record and finds that substantial evidence supports the ALJ's decision that Shepherd is not disabled as that term is defined under the Social Security Act.

### IV. CONCLUSION

Based on the foregoing discussion, it is hereby **ORDERED** as follows:

1. The Claimant's Motion for Summary Judgment [Record No. 10] is **DENIED**;

2. The Commissioner's Motion for Summary Judgment [Record No. 11] is **GRANTED**; and

3. The administrative decision will be **AFFIRMED** by separate judgment entered this date.

This 6th day of February, 2006.

Signed By:
*Danny C. Reeves* DCR
United States District Judge